## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TIMOTHY CERESA,**
      Plaintiff,

-vs-

**THE KROGER COMPANY
OF MICHIGAN,**
      Defendant.

)
)
)
)
) **Case No.:**
) **Hon.:**
) **Mag.:**
)
)
)
)
)
)
)
)
)
/

**PREMIER LEGAL GROUP, PLLC
JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Telephone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com

/

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

_____
**JERARD M. SCANLAND**
**Attorney At Law**

**COMES NOW THE,** Plaintiff, **TIMOTHY CERESA,** through his attorney the law firm of PREMIER LEGAL GROUP, PLLC  and by attorney Jerard M. Scanland, and in support of his Complaint states the following:

## JURISDICTION AND PARTIES

1.  This is an action for violations of the Civil Rights Act of 1964, Retaliation in Violation, Constructive Discharge, Hostile Work Environment, and the Civil Rights Act.

2.  Plaintiff's claims arise out of his employment relationship with Defendant, The Kroger Company Of Michigan.

3.  Plaintiff, Timothy Ceresa, (hereafter "Plaintiff") is a resident of Michigan and resides within the Eastern District of Michigan.

4.   Defendant, The Kroger Company Of Michigan,  is a Michigan corporation, licensed to do business in the Eastern District of Michigan. Its registered agents office is located at 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911.

5.  Plaintiff making a charge of discrimination with the Michigan Department Of Civil Rights and not obtaining the relief sought, has filed the within lawsuit.

6.  The amount in controversy exceeds $75,000.00.

## VENUE

7.  Venue is appropriate in this judicial district under 28 U.S.C Section 1391 (b) because the events that gave rise to this Complaint occurred in this district.

## GENERAL ALLEGATIONS

8.  Plaintiff received a right to sue letter. (Exhibit 1 – 03/26/2026 Decision from the Equal Employment Opportunity Commission).

9. Plaintiff was at all relevant times employed by The Kroger Company Of Michigan.

10. On April 25, 2022, the Plaintiff was hired as  Customer Service Delivery Driver. At the time of the hire, a 4 x 10 schedule was implemented.

11. On September 18, 2022, the Plaintiff was promoted to PM Transportation Team Lead. Again the same 4 x 10 schedule was utilized.

12.  On July 30th, 2024 the Plaintiff, who was an open union supporter, was elected shop steward. Prior to winning the election, James Banks attempted to unlawfully interfere with union talks. Upon information and belief, the Plaintiff was found to be credible by an Administrative Law Judge, and the election results were certified.

13. On June 5, 2024, there was a power outage that disrupted drivers. The drivers asked questions of the Plaintiff. Defendant's supervisor, James Banks, advised Plaintiff that he was not permitted to discuss union business, while at the

same time he permitting non-union discussions.

14. On June 11, 2024, the Plaintiff files a charge with the National Labor Relations Board for interference. A copy of this charge was sent to his employer and Plaintiff's supervisors.

15. On July 20, 2025 the Plaintiff text James Gibson and inquired about assuming the role of a driver/marshaller. The Plaintiff was informed that the position of team lead, which was a union position, was going to be eliminated.

16. According to an Administrative Law Decision, Kroger's supervisor were prohibited from banning union discussions. Despite this ruling on July 30, 2025, Supervisor Banks banned union discussions again.

17. On October 12, 2025, Plaintiff filed a Grievance alleging there was a unilateral change to the schedule that was made and that Defendant's supervisors were creating a hostile work environment.

18. On October 25, 2025, Supervisor Gibson, belittled the Plaintiff during the period of time the Plaintiff was suffering from a visible panic attack. The Plaintiff begged Supervisor Gibson to leave him alone. These pleas were ignored. Following this incident, the Plaintiff went to Concentra.

19. The Plaintiff was diagnosed with a severe panic disorder.

20. On October 28 and again on November 19, 2025, the doctor advised Plaintiff that his panic disorder was directly related to and caused by Supervisor

Gibson's threats. Gibson's threats escalated to such an extent that the Plaintiff was prescribed Prozac and Hydroxyzine.

21. Upon information and belief, Supervisor Gibson is no longer employed with the Defendant.

20. As a direct and proximate result of Defendant, Supervisor actions, Plaintiff was forced to resign

21. On November 6th 2025, Plaintiff filed a claim with the Michigan Department of Civil Rights alleging discrimination, retaliation, and constructive discharge.

22. Plaintiff received a Right To Sue Letter on March 26, 2026, and this Complaint was timely filed within ninety days of said receipt.

## COUNT-I
## <u>RETALIATION IN VIOLATION OF TITLE VII</u>

23. Plaintiff incorporates the above allegations by reference as if more fully stated herein.

24. At all times material, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII as amended.

25. A respondent superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

26. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in a protected activity.

27. Plaintiff was engaged in a protected activity when he engaged protected union discussions. Despite being permitted to engage in said discussions, he was informed to cease having said discussions. He reported this to his supervisor and was ignored.

28. Defendant, though its agents, had knowledge that Plaintiff was engaged in protected behavior because he reported the issue directly to an agent of the Defendant.

29. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment action against Plaintiff, as alleged in the statement of facts.

30. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

31. Plaintiff notified Defendant and its agents of the unwelcome conduct and communications, however, Defendant failed to remedy the same.

32. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

33. As a result of those action and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

34. Plaintiff requests relief as described in the Prayer For Relief below.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## COUNT-II
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

35. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth in full herein.

36. Defendant is an employer covered by the Family and Medical Leave Act pursuant to 29 USC 2601 et seq.

37. In November of 2025, Plaintiff was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR 825.114.

38. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining or denying Plaintiffs' rights provided under the Act.

39. Defendant's actions foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be returned to his position and the right to be free from having an increased level of responsibility, however request for

change in his current position was made, while suffering from a chronic, debilitating condition for exercising his rights under the law.

40. Defendants' actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

41. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## COUNT-III
### VIOLATION OF THE AMERICANS WITH DISABILITY ACT (ADA)

42. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth in full herein.

43. At all times material hereto, Plaintiff was an employee and Defendant his employer, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12111(5)(a)

44. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

45. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

46. Plaintiff's severe panic disorder is a mental impairment that substantially limits one or more major life activities.

47. Plaintiff has a record of a mental impairment that substantially limits one or more major life activities.

48. Defendant was made aware of Plaintiff's panic disorder.

49. Defendant disregarded Plaintiff's panic disorder as a mental impairment that substantially limited one or more major life activities.

50. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to harass, demote, increase Plaintiff's responsibilities, and then terminate his employment.

51. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision not to place him in another position.

52. Defendant was predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

53. The actions of Defendant was intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

54. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

55. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## COUNT-IV
## PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

56. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as if set forth in full herein.

57. Plaintiff had a severe and disabling condition known as Effective Disorder/Bipolar Disorder, a covered disability under the act, was perceived as having a disability and/or had a record of having a disability.

58. Plaintiff's disability affected his ability to engage in one or more major life activities.

59. Plaintiff was/is qualified for his former position.

60. Plaintiff's disability did not affect his ability to perform the essential functions of his job.

61. Defendant discriminated against Plaintiff by refusing to reasonably accommodate Plaintiff's disability, by harassing and retaliating against him, by creating a hostile environment, demoting and terminating him because of his disability.

62. As a further direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to: loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## COUNT-V
## RETALIATION IN VIOLATION OF TITLE VII
## <u>CONSTRUCTIVE DISCHARGE</u>

63. Plaintiff incorporates the above allegations by reference as if more fully stated herein.

64. At all times material, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII as amended.

65. A respondent superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

66. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in a protected activity.

67. Plaintiff was engaged in a protected activity when he engaged  protected union discussions. Despite being permitted to engage in said discussions, he was informed to cease having said discussions. He reported this to his supervisor and was ignored.

68. Defendant, though its agents, had knowledge that Plaintiff was engaged in protected behavior because he reported the issue directly to an agent of the Defendant.

69. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment action against Plaintiff, as alleged in the statement of facts.

70. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

71. Plaintiff notified Defendant and its agents of the unwelcome conduct and communications, however, Defendant failed to remedy the same.

72. As a result of Defendant's actions, Plaintiff was forced to resign.

73. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

74. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

75. Plaintiff requests relief as described in the Prayer For Relief below.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount he is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff, **TINOTHY CERESA,** demands judgment against Defendant as follows:

## LEGAL RELIEF

1. Compensatory damages in whatever amount he is found to be entitled;

2. Exemplary and punitive damages in whatever amount he is found to be entitled;

3. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled; and,

4. An award of interest, costs and reasonable attorney fees.

## EQUITABLE RELIEF

1. An order out of this Court reinstating Plaintiff to the position he would have held had there been no wrongdoing by Defendant;

2. An injunction out of this Court prohibiting any further acts of discrimination or retaliation;

3. An award of interest, costs and reasonable attorney fees; and,

4. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated: June 23, 2026

Respectfully Submitted,

**PREMIER LEGAL GROUP, PLLC**

BY: _____

**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Telephone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com